IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GREGORY ADAMS SR., | ) | 4:08CV3109 |
| Plaintiff, | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| LINCOLN POLICE DEPT., and LANCASTER COUNTY ATTORNEY'S OFFICE, | ) | |
| Defendants. | ) | |

Plaintiff filed his Complaint in this matter on May 27, 2008. (Filing No. 6.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e).

I.   **SUMMARY OF COMPLAINT**

Plaintiff filed his Complaint in this matter on May 27, 2008 against the Lancaster Police Department ("LPD") and the Lancaster County Attorney's Office. (Filing No. 6 at CM/ECF p. 1.) Plaintiff is a non-prisoner who resides in Lincoln, Nebraska. (Id. at CM/ECF p. 1.)

Condensed and summarized, Plaintiff alleges that on December 29, 2006, Officer Riffey "falsy [sic] arrested" him for domestic assault and strangulation. (Id. at CM/ECF p. 2.) Plaintiff alleges that he spent 40 days in jail before the charges were dismissed. (Id. at CM/ECF p. 2.) Plaintiff seeks restitution for false arrest, false imprisonment and false prosecution in the amount of $250,000.00. (Id. at CM/ECF p. 3.)

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Therefore, where a pro se plaintiff does not set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible, their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (overruling *Conley v. Gibson,* 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted).  Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002) (citations omitted).

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993).

## III.  DISCUSSION OF CLAIMS

Plaintiff names the LPD and the Lancaster County Attorney's Office as Defendants in this matter. (Filing No. 6 at CM/ECF p. 1.) The court construes claims against the LPD as claims against the City of Lincoln, Nebraska. The court construes claims against the Lancaster County Attorney's Office as claims against Lancaster County, Nebraska. As municipal defendants, the City of Lincoln and Lancaster County may only be liable under section 1983 if its "policy" or "custom" caused a violation of the plaintiff's constitutional rights. *Doe By and Through Doe v. Washington County*, 150 F.3d 920, 922 (8th Cir. 1998) (citing *Monell v. Department of Soc. Servs.*, 436 U.S. 658, 694 (1978)). An "official policy" involves a deliberate choice to follow a course of action made from among various alternatives by an official who has the final authority to establish governmental policy. *Jane Doe A By and Through Jane Doe B v. Special School Dist. of St. Louis County*, 901 F.2d 642, 645 (8th Cir.1990) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

To establish the existence of a governmental custom, a plaintiff must prove:

1)   The existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees;

2)   Deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and

3)   That plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was the moving force behind the constitutional violation.

*Jane Doe*, 901 F.2d at 646.

Here, Plaintiff does not allege that any municipal policy or custom caused his injuries. Due to this omission, the court finds that Plaintiff has failed to allege a cognizable claim against either Defendant under the *Jane Doe* standard. However, on the court's own motion, Plaintiff shall have 30 days in which to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants. Any amended complaint shall restate the allegations of Plaintiff's current Complaint (filing no. 6) and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

IT IS THEREFORE ORDERED that:

1. Plaintiff shall have until **November 10, 2008** to amend his Complaint to clearly state a claim upon which relief can be granted against Defendants. If Plaintiff fails to file an amended complaint, Plaintiff's claims against Defendants City of Lincoln and Lancaster County will be dismissed.

2. In the event that Plaintiff files an amended complaint, Plaintiff shall restate the allegations of the current Complaint (filing no. 6), and any new allegations. Failure to consolidate all claims into one document may result in the abandonment of claims.

3. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: Check for amended complaint on **November 10, 2008** and dismiss if none filed.

4. Plaintiff shall keep the court informed of his current address at all times while this case is pending. **Failure to do so may result in dismissal without further notice.**

October 10, 2008.　　　　　　　BY THE COURT:

　　　　　　　　　　　　　　　*s/Richard G. Kopf*
　　　　　　　　　　　　　　　United States District Judge